Nikki L. Wilson (SBN 218744)
Shiva Anari (SBN 314649)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California  92618
Telephone:  (949) 885-1360
Facsimile:   (949) 885-1380
Email:        Nikki.Wilson@jacksonlewis.com
              Shiva.Anari@jacksonlewis.com

Attorneys for Defendants
FXI, INC. and FXI HOLDINGS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN CRISOSTOMO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FXI, INC., a corporation; FXI, HOLDINGS INC., an entity of unknown form; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO.:**  8:22-cv-1025<br><br>**DEFENDANTS FXI, INC. AND FXI HOLDINGS INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>*[Filed concurrently with Declaration of Nikki Wilson; Declaration of Daniel Condrasky; Corporate Disclosure Statement; Notice of Interested Parties; Notice of Related Cases; Judicial Notice; and Civil Cover Sheet]*<br><br>Complaint Filed<br>in Superior Court: April 5, 2022<br><br>Trial Date: None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF KELVIN CRISOSTOMO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants FXI, Inc. ("FXI") and FXI Holdings, Inc. ("FXI Holdings") (hereinafter collectively, "Defendants") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove this action from the Superior Court of California for the County of Orange on the grounds of diversity of citizenship.  In support thereof, Defendants assert the following:

## DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2. On April 5, 2022, Plaintiff KELVIN CRISOSTOMO ("Plaintiff") filed a Complaint ("Complaint") against Defendants in Orange County Superior Court, which the state court designated as Case No. 30-2022-0 1253431-CU-WT-WJC.  A true and correct copy of the Summons and Complaint is attached as Exhibit A to the declaration of Nikki L. Wilson ("Wilson Decl.") filed concurrently herewith. [Wilson Decl. ¶ 3, Exh. A] Plaintiff served Defendants with the Summons and Complaint on April 22, 2022. [Wilson Decl. ¶ 4, Exh. B]

3. In the Complaint, Plaintiff asserts the following causes of action: (1) Disability Discrimination in Violation of Gov't. Code §12940(a); 2) Failure to Engage in a Good Faith Interactive Process in Violation of Gov't. Code §12940(n); 3) Failure to Provide Reasonable Accommodation in Violation of Gov't. Code §12940(m); 4) Retaliation in Violation of Gov't. Code §12940(h); 5) Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation in Violation of Gov't. Code §12940(k); 6) Interference with Rights Under the California Family Rights Act in Violation of Gov't.

Code §12945.2(1); 7) Retaliation Under the California Family Rights Act in Violation of Gov't. Code §12945.2(1); 8) Retaliation in Violation of Labor Code Section §1102.5(b); and 9) Wrongful Discharge in Violation of Public Policy. [Wilson Decl. ¶ 4, Exh. A]

4. On May 18, 2022, Defendants Answered the Complaint. A true and correct copy of the Answer is attached to the Declaration of Nikki L. Wilson as Exhibit C. [Wilson Decl. ¶ 5, Exhibit C.]

5. As of the date of this Notice of Removal, the attached Exhibits "A" and "C" constitute all of the pleadings received or filed by Defendants in this matter, and no further proceedings have occurred in the state court. [Wilson Decl. ¶ 6.]

6. This removal is timely because it is filed within thirty (30) days after the receipt by Defendants of a copy of Plaintiff's Summons and Complaint, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## REMOVAL BASED ON DIVERSITY JURISDICTION

### Diversity of Citizenship

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

8. Plaintiff is, and was at all times relevant to this action, an individual residing in California. [Wilson Decl. ¶ 3, Exhibit A, ¶ 2] Furthermore, Plaintiff filed his Complaint in the State of California for the County of Orange seeking the protections of the laws of this state. Thus, Plaintiff should properly be construed a citizen of the State of California.

9. Defendant FXI is a corporation that was duly created and organized under the laws of the State of Delaware. [Declaration of Daniel Condrasky ("Condrasky

Decl.") ¶ 3] At the time of the filing of the Complaint, as well as the date of this Notice of Removal, Defendant FXI's headquarters and principal place of business are located in Radnor, Pennsylvania. [Condrasky Decl. ¶ 5] FXI does business throughout the United States, but it controls its nationwide operations from its Pennsylvania headquarters. [Id.] FXI has 29 plants and/or facilities throughout the United States, excluding its headquarters in Pennsylvania. [Id.] Two of those facilities are in California. [Id.] The two California facilities are manufacturing facilities only and no executive level function of FXI occurs in California. [Id.] FXI's corporate officers, based out of Radnor, Pennsylvania, direct, control, and coordinate FXI's services and overall business operations for its locations throughout the United States. [Id.] FXI's corporate officers are not based out of and do not engage in primary, fundamental operations in California. [Id.] Defendant FXI thus is a citizen of Pennsylvania for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

10. Defendant FXI Holdings is a corporation that was duly created and organized under the laws of the State of Delaware. [Condrasky Decl. ¶ 4] FXI Holdings does not have any employees. [Condrasky Decl. ¶ 6] FXI Holdings has only a board of directors and officers. [Id.] The Commonwealth of Pennsylvania is where FXI Holdings' main office and management functions are concentrated and from where FXI Holdings' high level officers direct, control, and coordinate FXI Holdings' activities. [Id.] Most executive level meetings and related company business take place in Pennsylvania. [Id.] FXI Holdings does not maintain its own office in California and is not registered to do business in California. [Id.] Defendant FXI Holdings thus is a citizen of Pennsylvania for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz,* 559 U.S. at 78.

11. Thus, with Plaintiff as a citizen of California, and Defendants as citizens of Pennsylvania, complete diversity of citizenship between the parties exist within the meaning of 28 U.S.C. section 1332.

**Basis for Amount in Controversy**

12. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997). Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

13. In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

14. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought, and may take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

15. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

16. Here, Plaintiff seeks: 1) **economic damages** for past and present damages; 2) **non-economic damages**; 3) **punitive damages**; and 4) **attorney's fees**, interest, and cost. [Wilson Decl., Exh. A, Prayer for Relief, pgs. 15-16, ¶¶ 1-6].

17. <u>Economic Damages</u>: In connection with Plaintiff's first through seventh causes of action under FEHA and his ninth cause of action for wrongful termination against public policy, Plaintiff alleges that he suffered and continues to suffer economic losses, including lost wages and benefits. [Wilson Decl., Exh. A, ¶ 29, 40, 50, 58, 66, 76,

86, 102, and Prayer for Relief, ¶¶ 1]. The FEHA provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999). Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983). Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004). California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years. *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987). Defendants have a reasonable good faith belief that Plaintiff seeks damages for lost wages and front pay on his FEHA claim in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

    a.    Plaintiff alleges that he was employed by Defendants from the year of 1987 to October 13, 2021. [Wilson Decl., Exh. A, pg. 3, ¶ 18]

    b.    Near the end of Plaintiff's employment, Plaintiff earned an hourly rate of $29.93 [Condrasky Decl., ¶ 7.]

    c.    Based on the above hourly rate, and for the approximately (77) weeks between Plaintiff's alleged termination date of October 13, 2021, and the date of this Notice of Removal, Plaintiff's back pay alone is **$92,184.40**.

    d.    Under a conservative estimate, any judgment in this case will likely be rendered no earlier than October 2023 and likely much later given the COVID-19 pandemic. Assuming that Plaintiff takes this matter to

trial and that trial is set for exactly twelve (12) months from the date of this Notice of Removal, Plaintiff would accrue an additional year of back pay in the amount of $62,254.40. Combined with Plaintiff's lost wages to date of the removal, Plaintiff's total claim for back pay would amount to **$154,438.80**.

e. Assuming that Plaintiff also recovers front pay for six (6) months, or $31,127.20, in addition to back pay, the amount in controversy on economic damages alone is approximately **$185,566.00** and will generously exceed the jurisdictional requirement, not including any emotional distress damages or punitive damages.

18. <u>Emotional Distress Damages</u>: Plaintiff seeks damages for emotional and mental distress in an unspecified amount. [Wilson Decl., Exh. A, ¶¶ 30, 41, 51, 59, 67, 77, 87, 95, 103, and Prayer for Relief, ¶ 1.] Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *See, e.g. Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

19. <u>Punitive Damages</u>: Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Medical Eyeglass Ctr., Inc.*, 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

18. <u>Attorney's Fees</u>: fees under the FEHA and the Labor Code. [Wilson Decl., Exh. A, ¶¶ 45, 59, 74, 83, 94, 105, and Prayer for Relief, ¶ 4.] Attorneys' fees are recoverable to the prevailing party under FEHA. Cal Gov't Code § 12965(b). Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. Defendant's lead attorney, Nikki L. Wilson, has represented employers in employment litigation for over 20 years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts alleging FEHA violations and related claims. [Wilson Decl., ¶ 8, 9; Exhs. D, E, F.] Based on Plaintiff's counsel's experience and Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of **$75,000.00** for Plaintiff through trial. *See id.*

20. Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of **$75,000.00** for Plaintiff through trial.

21. Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should he prevail. *Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

22. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendants to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## **VENUE**

23. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

## NOTICE TO COURT AND PARTIES

24. Along with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will filed with the Clerk of the Superior Court for the State of California, County of Orange.

25. This Notice of Removal is signed by counsel for Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED: May 19, 2022          JACKSON LEWIS P.C.

By: _____
Nikki L. Wilson
Shiva Anari

Attorneys for Defendants
FXI, INC. and FXI HOLDINGS, INC.

4882-5424-4894, v. 2